```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-80867-CIV-RYSKAMP
                              MAGISTRATE JUDGE P. A. WHITE

CHRISTOPHER JOHNSON,          :

     Plaintiff,               :

v.                            :
                                      PRELIMINARY    REPORT
                                      OF MAGISTRATE JUDGE

WARDEN WILLIE NORWOOD, et al.,:

     Defendants.              :
_____
```

## I. Introduction

The plaintiff Christopher Johnson, currently housed at the South Bay Correctional Facility ("SBCF"), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 4].

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis

>         * * *

>     (e)(2) Notwithstanding any filing fee, or
> any portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that –
>
>              *   *   *
>
> (B) the action or appeal –
>
>              *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which
> relief may be granted; or
>
> (iii) seeks monetary relief from a
> defendant who is immune from such
> relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u> This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

3

determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names the following defendants:

1. SBCF Warden Willie Norwood
2. SBCF Lt. Gilbert Butts
3. SBCF CO I Roderick Hester
4. SBCF CO I Demetrice Rolle

The plaintiff raises the following factual allegations. On April 11, 2009 Hester and Rolle entered his cell and began to attack him by striking him with their fists for no apparent reason other than to cause physical harm.  Hester and Rolle, with the assistance of a nurse, handcuffed the plaintiff tightly and left him in his cell.  Butts and another sergeant arrived, and Butts asked the plaintiff why he had snatched the handcuffs from the officers.  The plaintiff tried to explain that that was not true and he requested medical attention for his severe pain.  Butts ignored the request for medical attention and demanded that the plaintiff give him the handcuffs he took from the other officers. When the plaintiff was denied medical attention he declared a psychological emergency and was taken to a suicide observation cell.  The plaintiff submitted a grievance to Butts asking him why he authorized the use of force, and Butts replied that there was no use of force report and no use of force had been authorized.  The plaintiff then submitted a grievance to Norwood complaining about the use of force and denial of medical care, and the grievance was not answered.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

The plaintiff alleges that Hester and Rolle violated his Eighth Amendment rights and rights under state law by engaging in excessive force. He further alleges that Norwood and Butts violated his Eighth Amendment rights and rights under state law by failing to investigate his claims and by failing to provide medical care for his injuries. The plaintiff seeks monetary damages and other relief.

### Use of Force

The plaintiff alleges that Hester and Rolle engaged in excessive force in violation of his Eight Amendment rights and rights under state law by physically assaulting him in his cell without provocation, causing physical and psychological injuries. Claims of excessive force by corrections officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985).

The plaintiff has raised sufficient facts so that his claim that Hester and Rolle violated his Eighth Amendment rights and rights under state law may proceed.

### Denial of Medical Care

The plaintiff alleges that Norwood and Butts ignored his need for medical attention after the alleged assault.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see

5

also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to

6

state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997). The "deliberate indifference" standard may be met in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g., Waldrop v. Evans, 871 F.2d 1030, 1033 (11 Cir. 1989).

Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a §1983 claim. Estelle v. Gamble, supra. In fact, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred. Hamm, supra. Treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure," Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5 Cir. 1980). It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, supra at 1058.

7

Moreover, the Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle v. Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

1. Serious Medical Need

The plaintiff has sufficiently alleged that he had serious medical needs. The plaintiff has alleged that he had physical injuries which caused severe pain. Thus, his medical needs constitute needs "that ha[ve] been diagnosed by a physician as mandating treatment or . . . that [are] so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill., 40 F.3d at 1187. As the plaintiff has demonstrated that he had serious medical needs, the analysis can

continue to determine whether the plaintiff has sufficiently alleged deliberate indifference.

### 2. Deliberate Indifference

The plaintiff has not stated sufficient facts indicating that Norwood or Butts may have acted with deliberate indifference to his serious medical needs. He states that he only a had a brief contact with Butts when Butts came to his cell to retrieve handcuffs that he was told the plaintiff had taken from other officers. The plaintiff states that he filed a grievance with Norwood but does not allege that Norwood was actually aware of an emergent need fro medical care. The plaintiff has not raised sufficient facts to show that either Norwood or Butts acted with deliberate indifference to an emergent, serious medical need.

It is therefore recommended that the claims concerning the alleged denial of medical care be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### Failure to Investigate Grievances

The plaintiff alleges that Norwood and Butts did not properly investigate his claims or act on his grievances. The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va.

1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance. Flick v. Alba, supra, 932 F.2d at 729.

It is therefore recommended that the claims concerning the failure to investigate and respond to grievances be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### III.   Recommendation

Based on the foregoing, it is recommended that:

1.   The defendants Norwood and Butts be dismissed as parties to this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.   The constitutional and pendent state law claims against the defendants Hester and Rolle remain pending.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 5th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Christopher Johnson, Pro Se
    DC No. 622994
    South Bay Correctional Facility
    600 U.S. Highway 27 South
    South Bay, FL 33493